## IN THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF ARKANSAS
## CENTRAL DIVISION

**CHRISTOPHER ROBINSON**                                           **PLAINTIFF**
**#8313**

**V.**                            **NO. 4:24-cv-00463-KGB-ERE**

**MACCAIN,** *et al.*                                    **DEFENDANTS**

### ORDER

*Pro se* plaintiff Christopher Robinson has filed a motion for a temporary restraining order requesting preliminary injunctive relief.[1] *Doc. 7*. Mr. Robinson's motion alleges that Defendant Strat[]ford and Smith have retaliated against him for filing this lawsuit. Mr. Robinson requests that the Court "put all Defendants on my jail ksl." *Doc. 7 at 1*. For the reasons explained below, Mr. Robinson's motion (*Doc. 7*) is denied.

A preliminary injunction "is an extraordinary remedy," and the moving party bears the burden of showing he is entitled to such relief. *Watkins Inc. v. Lewis*, 346 F.3d 841, 844 (8th Cir. 2003) (internal citations omitted). "[I]n the prison context, a request for injunctive relief must always be viewed with great caution because

---

[1] Because Defendants have not yet been served, Mr. Robinson properly filed a motion for a temporary restraining order rather than a motion for preliminary injunction. See FED. R. CIV. P. 65(a) (requirements for obtaining a temporary restraining order without notice to the opposing party) and (b) (requirements for obtaining a preliminary injunction with notice to the opposing party).

judicial restraint is especially called for in dealing with the complex and intractable problems of prison administration." *Goff v. Harper*, 60 F.3d 518, 520 (8th Cir. 1995) (quoting *Rogers v. Scurr*, 676 F.2d 1211, 1214 (8th Cir. 1982)). Finally, in prisoner cases, any prospective relief granted must be "narrowly drawn," extend "no further necessary to correct" the Eighth Amendment violation and be the "least intrusive means necessary" to correct the constitutional violation. 18 U.S.C. 3626(a)(1)(A).

Therefore, the Court must be particularly cautious when resolving requests for injunctive relief from prisoners, especially where, as here, discovery has not been completed and the facts are still undeveloped.[2]

The purpose of a preliminary injunction is "to preserve the status quo and prevent irreparable harm until the court has an opportunity to rule on the lawsuit's merits." *Devose v. Herrington*, 42 F.3d 470, 471 (8th Cir. 1994). Thus, the party requesting a preliminary injunction must "establish a relationship between the injury claimed in the party's motion and the conduct asserted in the complaint." *Id*. Mr. Robinson's motion for preliminary injunctive relief is based on new allegations of retaliation that occurred *after* Mr. Robinson filed this lawsuit. The Court will not consider any claims for retaliation in this case. If Mr. Robinson wants to pursue a

---

[2] On June 12, 2024, the Court provided Mr. Robinson an opportunity to file a second amended complaint clarifying his constitutional claims and correcting the deficiencies in his original and amended complaints. *Doc. 6*. Mr. Robinson has not yet filed a second amended complaint.

new claim for retaliation, or related injunctive relief, he must do so in a new lawsuit.

In addition, Mr. Robinson fails to allege any facts showing that he is likely to suffer irreparable harm in the absence of a preliminary injunction. This finding alone requires the denial of a request for preliminary injunctive relief. See *MidBAm. Real Estate Co. v. Iowa Realty Co.*, 406 F.3d 969, 977 (8th Cir. 2005) (before a court can "enter a preliminary injunction, it must find that the moving party would be irreparably harmed absent an injunction").

Finally, Mr. Robinson's requested injunction would be difficult to enforce. See FED. R. CIV. P. 65(d) (providing that "every injunction and restraining order must . . . state its terms specifically . . . and describe in reasonable detail . . . the act or acts restrained or required"). Again, the Court is hesitant to get involved with the daily operations of the prison.

IT IS THEREFORE ORDERED THAT Mr. Spencer's motion for a temporary restraining order (*Doc. 7*) is DENIED.

So Ordered 27 June 2024.

UNITED STATES MAGISTRATE JUDGE