IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

**CHRISTOPHER ROBINSON**                                      **PLAINTIFF**
**#8313**

**V.**                    **NO. 4:24-cv-00463-KGB-ERE**

**MACCAIN,** *et al*.                                            **DEFENDANTS**

## RECOMMENDED DISPOSITION

**I.**      **Procedure for Filing Objections:**

This Recommendation has been sent to United States District Chief Judge Kristine G. Baker. You may file written objections to all or part of this Recommendation. Any objections filed must: (1) specifically explain the factual and/or legal basis for the objection; and (2) be received by the Clerk of this Court within fourteen (14) days of the date of this Recommendation. If you do not object, you risk waiving the right to appeal questions of fact and Chief Judge Baker can adopt this Recommendation without independently reviewing the record.

**II.**      **Background:**

*Pro se* plaintiff Christopher Robinson, a pre-trial detainee at the Pulaski County Regional Detention Facility ("PCRDF"), filed this lawsuit under 42 U.S.C. § 1983. *Docs. 2, 5, 8*. Mr. Robinson's original complaint alleged that he has been housed in the R-Unit for three weeks, but due to staffing shortages: (1) he has only been allowed outside of his cell for one hour every 72 hours; and (2) he has not been

allowed to call his family members or his attorney. Mr. Robinson sued Sergeant Maccain in both his individual and official capacity seeking monetary and injunctive relief.

On June 10, 2024, Mr. Robinson filed an amended complaint naming two additional individuals as Defendants, Officer Stratafard and Officer Smith. *Doc. 5*. Mr. Robinson did not indicate in what capacity he was suing these Defendants and he failed to include any factual allegations in his amended complaint.

Accordingly, on June 12, 2024, the Court postponed the screening process to give Mr. Robinson the opportunity to file a second amended complaint clarifying his constitutional claims. *Doc. 6*. Mr. Robinson has now filed a second amended complaint. *Doc. 8*.

In his second amended complaint, Mr. Robinson alleges that, during the previous three weeks, *due to staffing shortages*, PCRDF officials have not: (1) allowed him out of his cell for additional recreational time; (2) allowed him to call his family or his lawyer; (3) allowed him to shower for an unidentified amount of time; or (4) transported him to a court hearing on one occasion. He sues Sergeant Maccain, Officer Stratafard, Officer Smith, and Officer Allen in both their individual and official capacities seeking monetary and injunctive relief.

For the following reasons, Mr. Robinson's claims should be dismissed for failure to state a plausible constitutional claim for relief.

## III. <u>Discussion</u>:

### A. Standard

The Prison Litigation Reform Act requires federal courts to screen prisoner complaints and to dismiss any claims that: (a) are legally frivolous or malicious; (b) fail to state a claim upon which relief may be granted; or (c) seek monetary relief from a defendant who is immune from such relief. See 28 U.S.C. § 1915A(a) & (b). When making this determination, a court must accept the truth of the factual allegations contained in the complaint, and it may consider documents attached to the complaint. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Reynolds v. Dormire*, 636 F.3d 976, 979 (8th Cir. 2011).

In deciding whether Mr. Robinson has stated a plausible claim for relief under § 1983, the Court must determine whether the allegations in the complaint, which are presumed true, "raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citations omitted). A complaint cannot simply "[leave] open the possibility that a plaintiff might later establish some 'set of undisclosed facts' to support recovery." *Id.* at 561 (citation omitted). Rather, the facts set forth in the complaint must "nudge [the] claims across the line from conceivable to plausible." *Id.* at 570.

B.     **Unconstitutional Conditions of Confinement**

Because Mr. Robinson is a pre-trial detainee, his conditions of confinement claims are analyzed under the Due Process Clause of the Fourteenth Amendment. *Bell v. Wolfish*, 441 U.S. 520, 535 n.16 (1979); *Stearns v. Inmate Servs. Corp.*, 957 F.3d 902, 905 (8th Cir. 2020). Under that standard, the government may lawfully detain a defendant before trial and subject him to jail restrictions and conditions, "so long as those conditions and restrictions do not amount to punishment, or otherwise violate the Constitution." *Stearns*, 957 F.3d at 907 (quoting *Bell*, 441 U.S. at 536–37). Where a plaintiff does not demonstrate an express intent to punish, he or she must show that "the conditions of confinement were not reasonably related to a legitimate governmental purpose or were excessive in relation to that purpose." *Id*. (quoting *Bell*, 441 U.S. at 538-39). "If conditions are found to be arbitrary or excessive, it is permissible to "infer that the purpose of the governmental action is punishment that may not constitutionally be inflicted upon detainees qua detainees." *Id*. (quoting *Bell*, 441 U.S. at 539).

Whether the conditions of pretrial detention are punitive and therefore unconstitutional depends on the totality of the circumstances, including the duration of the allegedly harsh conditions. *Stearns*, 957 F.3d at 909.

Here, Mr. Robinson's second amended complaint does not allege that the conditions he experienced at the PCRDF have been intentionally punitive.

Furthermore, Mr. Robinson alleges no facts indicating that he has endured arbitrary or excessive conditions of confinement.

Again, Mr. Robinson specifically explains that, during the previous three weeks, *due to staffing shortages*, PCRDF officials have not: (1) allowed him out of his cell for additional recreational time; (2) allowed him to call his family or his lawyer; (3) allowed him to shower for an unidentified amount of time; or (4) transported him to a court hearing on one occasion. Accordingly, relying on Mr. Robinson's own allegations, Defendants had a legitimate penological purpose to impose restrictions during his pre-trial confinement. Therefore, as alleged, the totality of the circumstances of Mr. Robinson's pretrial confinement do not rise to the level of a constitutional violation.

In addition, Mr. Robinson fails to allege that he suffered any injury as a result of the conditions of his confinement. *McAdoo v. Martin*, 899 F.3d 521, 525 (8th Cir. 2018); *Royal v. Kautzky*, 375 F.3d 720, 723 (8th Cir. 2004); see also *Bell*, 441 U.S. at 539 n.21 (explaining that "[t]here is ... a de minimis level of imposition with which the Constitution is not concerned").

Mr. Robinson has failed to state a plausible unconstitutional conditions of confinement claim.

### C. First Amendment Claim

Assuming Mr. Robinson intended to assert a separate First Amendment claim, as alleged this claim also fails. While prisoners have a First Amendment right to communicate with individuals outside of prison, Mr. Robinson's current complaint fails to allege facts to state a plausible constitutional claim. *Turner v. Safley*, 482 U.S. 78, 89-92 (1987). For example, Mr. Robinson fails to state: (1) how many days (if any) any Defendant prohibited him from using the telephone; or (2) whether, during that time period, Mr. Robinson had an alternative method of communicating with his friends and family, such as U.S. mail or internet.

Likewise, with regard to his claim that unidentified officials denied his ability to contact his lawyer, Mr. Robinson fails to explain whether he has been denied the opportunity to contact his attorney by means other than telephone calls. See *Beaulieu v. Ludeman*, 690 F.3d 1017, 1041 (8th Cir. 2021) ("Limited access to telephone calls . . . is not a constitutional violation so long as the prisoners can communicate with their counsel in writing or in person by visits").[1]

Mr. Robinson should not be allowed to proceed on any First Amendment claim.

---

[1] To the extent that Mr. Robinson alleges that any Defendant violated his right to access the courts, as stated, this claim also fails. To plead a plausible access to the courts claim, a prisoner must provide facts suggesting he was "actually injured" regarding a "nonfrivolous and arguably meritorious underlying legal claim." *Holt v. Howard*, 806 F.3d 1129, 1133 (8th Cir. 2015). Here, Mr. Robinson fails to include any such facts.

### D.   Official Capacity Claims

Mr. Robinson sues Defendants in both their individual and official capacities. *Doc. 8 at 2*. Mr. Robinson's official capacity claims against Defendants are treated as claims against Pulaski County. See *Parrish v. Ball*, 594 F.3d 993, 997 (8th Cir. 2010); *Jenkins v. Cnty. of Hennepin, Minn.*, 557 F.3d 628, 631-32 (8th Cir. 2009). In a § 1983 action, a county cannot be held vicariously liable for the actions of its employees. See *Monell v. Dep't. of Soc. Servs.*, 436 U.S. 658, 692-93 (1978); *Parrish*, 594 F.3d at 997. Rather, a county can be held liable only if an official county policy or widespread custom was the "moving force" behind the alleged constitutional violation. See *Luckert v. Dodge Cnty.*, 684 F.3d 808, 820 (8th Cir. 2012); *Jenkins*, 557 F.3d at 633.

Mr. Robinson's second amended complaint fails to allege that he suffered any constitutional injury as the result of a Pulaski County custom or policy. As a result, Mr. Robinson has failed to state a plausible constitutional claim for relief against Defendants in their official capacities.

### IV.   Conclusion:

IT IS THEREFORE RECOMMENDED THAT:

1.   Mr. Robinson's claims be DISMISSED, without prejudice, based on his failure to state a plausible constitutional claim for relief.

2. The Court recommend that, in the future, this dismissal be considered a "strike" for purposes of 28 U.S.C. § 1915(g) and certify that an in forma pauperis appeal of this dismissal would be frivolous and not taken in good faith.

3. The Clerk be instructed to close this case.

Dated 1 July 2024.

_____
UNITED STATES MAGISTRATE JUDGE