IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

**CHRISTOPHER ROBINSON**                                        **PLAINTIFF**
**# 8313**

v.                        Case No. 4:24-cv-00463-KGB

**MACCAIN,** *et al.*                                                **DEFENDANTS**

**ORDER**

Before the Court are plaintiff Christopher Robinson's motion for service and appointment of counsel (Dkt. No. 12), motion for injunction (Dkt. No. 13), and a Recommended Disposition ("Recommendation") from United States Magistrate Judge Edie R. Ervin (Dkt. No. 10). Mr. Robinson has filed objections to the Recommendation (Dkt. No. 11). After careful consideration of the Recommendation, the objections, and a *de novo* review of the record, the Court adopts the Recommendation as its findings in all respects (Dkt. Nos. 10, 11). Accordingly, the Court dismisses without prejudice Mr. Robinson's claims and instructs the Clerk of Court to close this case. The Court writes separately to address Mr. Robinson's objections. Mr. Robinson's motion for service and appointment of counsel (Dkt. No. 12) and motion for injunction (Dkt. No. 13) are denied as moot because the Court dismisses without prejudice Mr. Robinson's claims.

**I.      Background**

Mr. Robinson, an inmate at the Pulaski County Regional Detention Facility ("PCRDF"), filed this lawsuit under 42 U.S.C. § 1983 alleging violations of his Eighth, Fourteenth, and First Amendment rights (Dkt. Nos. 2, 5, 8). Mr. Robinson seeks monetary and injunctive relief (Dkt. No. 2, at 5).

Mr. Robinson alleges that he has been in the R Unit for three weeks and has been let out of his cell once every 72 hours due to the PCRDF's staff shortage (*Id.* at 4). Mr. Robinson claims that this violates his Eighth and Fourteenth Amendment rights (*Id.*). Mr. Robinson further claims

that he has been unable to call his attorney and family due PCRDF's staff shortage (*Id.*), which Judge Ervin construed as Mr. Robinson alleging violations of his First Amendment rights (Dkt. No. 10, at 6).

## II.     Recommended Disposition

Judge Ervin recommends that Mr. Robinson's claims be dismissed without prejudice based on his failure to state a plausible claim for relief (*Id.*, at 7–8).  Specifically, Judge Ervin recommends that Mr. Robinson's Fourteenth Amendment unconstitutional conditions of confinement claim be dismissed because Mr. Robinson did not allege that:  (1) the conditions were intentionally punitive, (2) he endured arbitrary or excessive conditions of confinement, or (3) he was injured as a result of his confinement (*Id.*, at 4–5).  Rather, Mr. Robinson conceded that the conditions of confinement were due to PCRDF's legitimate penological purpose— a staff shortage (*Id.*).  Judge Ervin further concludes that, assuming without deciding that Mr. Robinson intended to assert a First Amendment claim, that claim fails because Mr. Robinson's complaint did not allege facts to state a plausible First Amendment claim (*Id.*, at 6).  Judge Ervin determines that Mr. Robinson did not state:  (1) how many days he was prohibited from using the telephone, or (2) whether he had access to alternative methods of communication (*Id.*).  Judge Ervin also concludes that Mr. Robinson's official capacity claims against the defendants fail because Mr. Robinson did not allege any constitutional injuries due to a Pulaski County custom or policy (*Id.*).

Mr. Robinson's objections do not break new ground because Mr. Robinson does not meaningfully respond to Judge Ervin's recommendations and analysis, but rather, Mr. Robinson restates the claims raised in his complaint (Dkt. No. 11).  Mr. Robinson claims he should not be subject to lockdown because PCRDF's policy states that inmates are to be out all day unless they pose a threat to security (*Id.*).  As Judge Ervin points out in her Recommendation, defendants'

legitimate penological purpose justified imposing restrictions during Mr. Robinson's pretrial confinement, and such restrictions are not unconstitutional (Dkt. No. 10, at 5). Mr. Robinson did not meaningfully respond to Judge Ervin's findings that Mr. Robinson did not state whether he was provided with alternative ways to communicate. In his objection, Mr. Robinson states "how could I if I am on lock down all day." (Dkt. No. 11). Nor did Mr. Robinson respond to Judge Ervin's finding that Mr. Robinson failed to allege facts to state a plausible violation of his First Amendment rights. As Judge Ervin stated, Mr. Robinson conceded that PCRDF had a legitimate penological purpose for its restrictions (Dkt. No. 10, at 5).

Upon a *de novo* review of the record, the Court finds that Mr. Robinson's objections fail to rebut Judge Ervin's Recommendation.

### III. Conclusion

For these reasons, the Court adopts Judge Ervin's Recommendation in its entirety as the Court's findings in all respects (Dkt. No. 10). The Court dismisses without prejudice Mr. Robinson's claims (Dkt. Nos. 2, 5, 8). The Court finds that, in the future, this dismissal should be considered a "strike" for purposes of 28 U.S.C. § 1915(g) and certifies that an *in forma pauperis* appeal of this dismissal would be frivolous and not taken in good faith. The Court instructs the Clerk of Court to close this case. Mr. Robinson's motion for service and appointment of counsel (Dkt. No. 12) and motion for injunction (Dkt. No. 13) [1] are denied as moot.

It is so ordered this 24th day of February, 2025.

*Kristine G. Baker*
Kristine G. Baker
Chief United States District Judge

---

[1] Even if the Court were to consider the merits of Mr. Robinson's motion for injunction, the Court having carefully reviewed the motion finds that Mr. Robinson fails to meet the requirements for this Court to issue an injunction (Dkt. No. 13).